We will hear argument first this morning in Case 24-808, Coney Island Auto Parts, Unlimited, v. Burton. Mr. Ginsburg. Thank you, Mr. Chief Justice, and may it please the Court. Historically, judgments entered in the absence of personal jurisdiction have been described as a nullity, utterly void upon entry, lacking any legal effect, and odious to due process. Accordingly, they have routinely been vacated without reference to any specific period of discretion for a court not to vacate a void judgment. In this action, the lower courts did not determine whether the judgment was void. Rather, they held that Coney Island took too long to bring its motion for vacatur in violation of Rule of Civil Procedure 60C1, which requires such motions to be made within a reasonable time. This Court has never had occasion previously to consider whether Rule 60C1 applies to judgments void ab initio or the definition of reasonable time. We respectfully submit that the lower courts erred because, as a matter of logic, Rule 60C1 cannot apply to judgments void ab initio, and the reason for that is that if the judgment is void immediately upon entry and remains so for all time, there cannot be a time after which the judgment cannot be vacated because a judgment that is void ab initio cannot suddenly spring to life and become active and enforceable through the passage of time alone. To harmonize the doctrine of void ab initio and reasonable time, the Court may find, as it has in the past, that a defendant believing that a court lacks jurisdiction may elect to ignore the proceeding, suffer the default judgment, and then collaterally attack that judgment when the judgment creditor attempts to enforce it. Enforcement, however, must be adversarial in nature or actually invading a personal interest, for example, a contempt proceeding or seizure of a bank account, such that ignoring it would be tantamount to a waiver of a known right or acquiescence in the judgment. If enforcement were defined as any action at all trying to collect on a judgment, such as mailing post-judgment discovery, then it amounts to that post-judgment discovery essentially acting as a supplemental, unauthorized process because the mailing itself would commence the time period, the expiration of which would cause a subsequent application for vacatur to be denied as untimely. I welcome the Court's questions. So you're not arguing that your motion, your 60B motion, was filed within a reasonable amount of time? We believe, Your Honor, that there is no reasonable amount of time within which a judgment that is void ab initio can be vacated. How is void ab initio different from the grounds listed in 60B, the judgment is void, as a basis for the motion? We believe, Your Honor, that a 60B-4 applies to both void judgments and voidable judgments. And so when a judgment is voidable, there isn't a reasonable time limitation because at that point, the court that had entered it had jurisdiction and for some other reason, the judgment should be held void, as opposed to a void judgment, which has no legal effect right from the beginning. So how do you respond to a respondent's argument that you're conflating the merits with the timeliness of the motion? Well, we believe, Your Honor, that if a judgment is void ab initio, there is no timeliness aspect that would cause, that should cause a court to not vacate that judgment. Suppose a district court issues a judgment that is void ab initio and the party against which the judgment is entered waits a year before filing a notice of appeal. Would the court of appeals be obligated to entertain that appeal? I think it would, Your Honor, because at that point, the appeal, the filing of the notice of appeal is tantamount, or is not tantamount, is, would require an appearance before a court and would result in, the appearance before the court would result in submission to the jurisdiction of that court. Well, that does seem to be the logic of the idea of a judgment being void ab initio, and we addressed that last term in Hewitt v. The United States, not a case that, it's a criminal case, but still, we talked about void ab initio and we said if a judgment is void ab initio, it never, it's as if it never existed. It was erased from the historical record. So the, what you're saying does follow from the logic of that, but doesn't it seem strange that the appellant would have an unlimited amount of time to appeal from a judgment that's void ab initio? I think even a void judgment can be, can be given effect if the defendant or the judgment debtor acquiesces to the court's jurisdiction. And so if, for whatever reason, the, the, the judgment debtor believes that there is no basis for the, for the appeal, the filing of the notice of appeal establishes jurisdiction and results in a waiver of the opportunity to file a Rule 60b-4 motion. What about fraudulent judgments? Do you think that they can be challenged at, at any time as well? Or there's no ground on which they can be reopened? Well, I believe fraudulent judgments are covered by Rule 60b-3, which requires a, which requires a, or which must be filed within one year. And so that timeliness aspect applies through Rule 60c-1 as well as Rule 60b-3. Well, I guess, I guess I'm a little concerned about the potential collapsing of the merits with your argument in this case. Because your argument, as Justice Alito pointed out, is premised on the fact that this judgment is actually void. But obviously, the person who benefits from the judgment would say it's not. And so some court somewhere, I think, would have to resolve that. And I guess the question is, why should you be able to make that kind of challenge without any sort of procedural limitation in terms of time? Someone has the judgment who's benefited from it, and they are living their lives and thinking everything is fine, and under your rule, that can be upended at any time on the basis of your claim that the void is, that the judgment is void. Don't we have procedural rules that sort of just limit your ability to make that claim and really don't speak to the issue of whether or not it's actually void? You just have to make that allegation within a particular period of time. Justice Jackson, I would say that void judgments or judgments void ab initio are within a separate class. And so the Constitution requires that void judgments not be given effect. Right. But what if we don't know whether or not this is a void judgment? I mean, that's the issue, right? That's the merits claim that you are making when you file this motion, and someone has to decide it. And I guess my question is, what is a court supposed to do? Ten years later, you pop up and say this was a void judgment. Doesn't the court have to decide whether or not it's a void judgment in order to determine whether or not you have filed this in a timely fashion? Well, yes. Obviously, you have to make a motion, and you have to convince the court that the judgment is void. But if the judgment is void from the get-go, then there cannot be a time limit setting apart res judicata or waiver when that judgment would suddenly spring to life. I guess my problem is that usually we would have to — we would decide whether or not you are able to file the motion as a threshold matter before we get to the question of whether you're right about the motion. And you seem to have those inverted. Well, I think — and to go back, I would say that obviously you have to file the motion. You still have to convince the court that the judgment is void. But there cannot be a time after which that cannot be done. Because if the judgment was a nullity from the beginning, then there is nothing for the court to do other than to determine whether it is void. And if it is void, then the decision of whether it is void is essentially a confirmatory ministerial act. Mr. Ginsburg, I just have two clarifying questions. Yes, Your Honor. The first concerns Justice Thomas' — one of Justice Thomas' questions. I know you resist the notion that C-1 applies and the reasonable time limit. But you didn't make any argument under that here, as I see it. So we don't have to decide in this case whether if C-1 applies, you did in fact proceed in a reasonable time. Is that correct? Yes, Your Honor. We believe that, again, if a judgment is void ab initio, then the reasonable time — I appreciate that. But the alternative argument is not before us that you complied with C-1, right? That's correct, Your Honor. Okay. And then if we were to rule against you — and I know you resist that — would your client be able to file a demotion, a collateral attack to the judgment? Justice Gorsuch, the — D-1. — case law on Rule 60 D-1 is a little sparse. I'd agree with that. So I would say that the usual scenario in which a Rule 60 D-1 motion is filed is when somebody has run out of time to file a motion under Rule 60 D-1 through 3. And so I think if the Court were to disagree with Coney Allen's position, then that would be the end of the case because — Do you really want to give up the D-1 argument? I guess it would depend on exactly what the Court's holding is. So if — How would you have us write it to preserve that option for you? I guess I would request — If you want to preserve it. I would always want to preserve it. But I would write it respectfully — I think the Court should write it as saying that the reasonable time limitation in Rule 60 D-4 — oh, excuse me, the reasonable time limitation in 60 C-1 does apply to 60 D-4 motions, but there is also a time — there is otherwise no time limit under Rule 60 D-1. If you had this independent collateral action, whether under 60 D-1 or imagine a world without 60 B, and you can just bring an independent collateral attack on the judgment, would the defense of latches apply, or would your reasoning there be that, no, there just can never be any limitation, no statute of limitation, no latches defense from the other side if a judgment is void of an issue? I would say, Justice Barrett, that yes, that there is no latches argument to be made in connection with a void judgment — void in the purest sense of the term. So what do you do with the history — I'm sorry — what do you do with the history that some state courts for decades have applied latches to justice situation? Doesn't that defeat your common law understanding? I believe, Your Honor, that if we were to — or if the court were to rule that latches cannot apply to a void judgment, then that would — Yeah, you're asking us to rule that way because you say there's a common law. But if there isn't a common law because there were latches applied by some courts, not all of them, but some, doesn't that defeat your argument? I would say, Your Honor, that it would not defeat the argument because if the court were to find that a void judgment cannot be given effect for due process reasons — You're going around in a circle. We can only find that if there really is a common law rule and Rule 60B doesn't override it because common law rules can be overwritten by 60B. Correct. And so — And so if we look at what the Advisory Committee said when it was creating 60B was that it wanted to — because the existing rules in common law were, quote, unquote, confusing, one of the purposes of the amendment was to clarify the rule so that the federal rule will provide — will be controlling. So what do we do with that? Well, because the enforcement of a void judgment even to overcome latches would require a violation of due process. Could Congress write a rule that says exactly what you want, even void judgments, need to be filed within a reasonable time? Does Congress have the power to do that? I was going to say, Your Honor, I don't think Congress has that power because the Constitution — because of the due process clause. And so if the court were to find in Coney Island — But you gave up constitutional arguments in your brief. I'm sorry, Your Honor? You gave up constitutional arguments in your brief. I think we gave up — we didn't give up constitutional arguments. We gave up an argument that Rule 60C1 itself is unconstitutional. But the due process clause still exists, obviously. And so we would say that the due process clause would require an overriding of a latches argument. Thank you, counsel. What falls within the category of void judgments in your mind? Like what's — what are the range of things that are in the category? It would have to be — and the court has spoken on this several times. It would have to be a judgment that was entered in the absence of subject matter jurisdiction, personal jurisdiction, or some other defect that would cause a similar effect. Some other defect? Do you have any others that — that you — you know, offhand that fall within that same category? Potentially bribery of a judicial official or some other — some other defect that goes to the very heart of the court's power to hear a dispute. But your argument would necessarily mean that any time limits as to raising a personal jurisdiction issue would — would be invalid. Is that correct? Yes, Your Honor. Okay. What have the — I was just going to say, your friend on the — argues that you're conflating two concepts, whether a void judgment can become valid, I suppose in some abstract sense, and what the procedures are for vacating a judgment. I guess you assume that even if the judgment — that it must be vacated. On the other hand, I think the argument is that — I don't know whether it's in an abstract sense you consider the judgment, even though valid, it can't — under the normal procedures, can't be asserted. I mean, sort of like a statute of limitations, I suppose. I mean, there — you know, you don't necessarily have to suggest there's anything valid about what, you know, you wanted to challenge, but it just can't be raised given the statute of limitations. I would say, Mr. Chief Justice, that if — the procedural aspect of it is the filing of the motion, meaning that it still has to be filed according to the federal rules of civil procedure, has to be filed appropriately, has to be filed in the correct court, has to be signed under Rule 11, but I don't think that the reasonable time limitation is a potential procedural bar. Can you think of — But the rules of civil procedure, for example, say, you know, that when a suit is brought and you have a person on jurisdiction defense, you have to raise that defense before the answer or, you know, with the answer, if you file an answer. You know, there's some sense of, like, when you're supposed to file your person on jurisdiction defense, and if you don't, and if you wait forever, it's lost. Would that also be — you know, we should basically say that that rule is unconstitutional, a violation of due process? No, Justice Kagan. In that case, if somebody were to file a motion under Rule 12b, they would be submitting to the jurisdiction of the trial court, and the trial court's decision would then govern the proceeding. Same with an answer. If somebody files an answer or makes — or even makes an appearance, they are submitted to the jurisdiction of the trial court, and they have a direct appeal if they disagree with the court's decision. What have the courts of appeals and the commentators — Moores, Wright, and Miller — said about this question, whether there's a reasonable time limitation on seeking relief from a judgment that's void ab initio? I think they have almost universally — the courts of appeals have almost universally and the commentators have held that there is no — or the reasonable time limitation does not apply to a void judgment in the purest sense of the word, such as a lack in personal jurisdiction or subject matter jurisdiction. The Court has no further questions. Thank you, Counsel. Further? Thank you, Counsel. Ms. Blatt? Mr. Chief Justice, and may it please the Court, the petition asks whether Rule 60c1 imposes any time limit to set aside a void default judgment. The answer is yes. The plain text requires that B-4 motions be filed within a reasonable time. The phrase reasonable time does not mean any time. First, any time would include an unreasonable time, the exact opposite of reasonable. Second, by definition, reasonable means within just limits, not whenever. Third, a reasonable time means courts actually consider the facts of an individual case. It doesn't mean the move it wins regardless of the facts. Fourth, had the drafters intended no time limit based on the grounds for relief, they easily could have placed void judgments under 60d, which has no time limits. Notably, D-3 allows relief from judgments at any time for fraud on the court. The three courts below ruled petitioner's delay was unreasonable. The Court of Appeals stated, quote, Coney Island has not argued that it brought its motion within a reasonable time. The District Court said the delay is unreasonable and Coney Island offers nothing to justify the delay. And this from the Bankruptcy Court, Coney Island has not even contended that the delay should be considered reasonable. I welcome questions. Is there a way to challenge a void judgment beyond Rule 60? We don't think so based on the text of the rule and the history. The rule itself is pretty expansive. It says it is the way to get relief from a valid judgment, and the history is pretty clear. The advisory committee notes, which are codified, says it's obvious that this is the only way to get relief. We're trying to close the door. The text of Rule 60E abolishes all the common law writs and remedies that were used to get relief. And we would rely for those who care about this kind of stuff. The advisory committee chairman said, there's no way left to get relief other than Rule 60. I mean, you don't have to decide that, and 60D has the one independent action. So they did leave that safety valve. That was very important to the drafters, that there's always an independent action. This court in United States versus Begerle has said, Rule 60D, independent actions are reserved to correct gross miscarriages of injustice. So there is that Supreme Court case that says that. And the rule committee note says that latches applies to those kind of actions. I want to be clear, Ms. Blatt. In this case, we don't have a question, although the Sixth Circuit acknowledged it, about whether the reasonable time period should only start when enforcement is attempted, correct? Correct. All right, because that seemed to be a part of your opposing counsel's opening argument, that somehow it was reasonable because- Yes, and I mean, we think the question presented forecloses that. But we do think that at the time of enforcement, it could be quite reasonable to wait. Here, though, we- But you do agree, there are many, many judgments entered, some with or without notice. But somebody might find out about something, no one's ever tried to enforce it, and why spend the money getting a lawyer? We don't want to encourage- Right, that's what I was saying. I think it might quite be reasonable to wait until the time of enforcement. That might be the first time the person's ever heard of it. The person might have reason to think the judgment was never going to be collected. And most importantly, there may be no prejudice from whenever the movement filed. So we would just think a district court would have wide discretion. I would say that this case is kind of the poster child of why you can't really say enforcement, because it's conceded in 2016 that the trustee was trying to enforce the debt, and then spent seven separate attempts and thousands and thousands of dollars to get to the point of seizing the bank asset. But that's an issue that a court below will have to address in another- No, because they've all conceded that it's reasonable. But yes, in any given case, prejudice would be considered. I think Justice Jackson made a very good point. The debtor, Vista Pro, filed the allegedly improper service. The trustee comes in, sees a valid judgment on its face, has no reason to think there's improper service, doesn't even find out that there's an alleged improper service until five and a half years after the fact. When it's way too late, had the judgment debtor just said at year one, hey, there's improper service, they could have redone the service. So these are the kinds of arguments that would be considered had the other side tried to offer a justification. But I do think Justice Jackson makes that good point that there might be prejudice if the person has no reason to think the judgment's invalid and is claiming please pay, please pay in a bankruptcy estate, wasting money trying to go after a judgment debtor that should go to creditors. Ms. Blatt, the petitioners here raise a Rules Enabling Act argument, but only in reply, so you didn't get a chance to address it in the briefs. Do you want to take a moment to focus on that here? Sure. I understand the Rules Enabling Act, it just can't enlarge rights. But I think that's another version of, well, you're giving effect to a judgment that by hypothesis might be void, kind of spring to life. And I think you quite nicely said there's just a procedural bar that you have to go through to get your right to argue that it's void or get relief from it. So I don't see any problem under the Rules Enabling Act. It's just not expanding any right, it's just a filing requirement that you have to file within a reasonable time. Mr. Ginsberg says that all the courts, almost all the courts of appeals have decided this question against you and the leading commentators take the opposite position. How do you account for that? So I think that's correct. I think these courts were writing, you know, either now or at the time in a way that they were comfortable not following the literal text. Some of them acknowledge that they're not following the literal text and this is just not consistent with the court's modern approach. I will say that most of these courts, at least five of them in the dissent, trace back to this D.C. Circuit decision from 1962, Austin versus Smith, that just didn't even mention Rule 60C1. But since, you know, the coming of Justice Scalia in 1986, the court has taken just a different approach to statutory interpretation. And we cite an example of, I think it's U.S. versus Brogan, where all the courts of appeals had ruled 1001 gives you a right to lie and this court just said, you know, we're going to overrule that. And I think just last term you ruled against a case I argued when all the courts had gone our way. Well, speaking of last term and lost causes, what do you say about Hewitt and the idea that a judgment that is void ab initio never existed? You know, we can't see it. It doesn't exist. It doesn't exist. I mean, doesn't that lead to the conclusion that was drawn by all these courts of appeals? No, and here's why. In addition to its conflating the grounds for relief in 60B, you know, fraud by the opposing party, and you've already paid the judgment. You know, you've already paid it. How can you make me pay it twice? And the example we give in the brief, and I think it's quite instructive, is the area of preclusion. This court has already said that courts can give effect to void judgments, even concededly void, because if a party unsuccessfully challenges subject matter jurisdiction, they're barred by res judicata and collateral estoppel. And if it's concededly, you know, on its face, it's issued by the court of clowns, you have to give effect to the judgment based on res judicata. And I will say if you have a court of clowns example, you could probably get rid of that under the independent action for gross injustice. Well, then what should we say about void ab initio in our opinion? Well, I mean, it doesn't really erase it from the annals of history. It has, that's an overstatement. It's not an overstatement to describe fraud on the court or fraud by the other party or void ab initio. It's, that's the grounds when you get into court under Rule 60. That's the procedure where you get relief from that judgment. The whole concept of Rule 60C assumes that there are quite offensive judgments and it's giving you relief, but there's either a one-year time limit, a reasonable time limit, or no time limit. And this void judgment falls in the reasonable time limit. Well, if, suppose the reasonable time limit applies, and I know maybe we don't have to decide what that means here, but if we were to decide that, would you agree that there should be a lot more flexibility with regard to the reasonableness of a filing when what is being contested is a judgment that's void ab initio? No. You don't think that couldn't, that wouldn't? I think a default judgment might. Like I think a default judgment just raises implications. You need to hear of it. But just, I think at least the way the rule's set up, maybe how void it is somehow bears on why you took so long, but generally why you took so long, it goes to, why'd you take so long? I mean, when did you know of it? Was it a burden because you didn't want to go all the way and file this motion? And also, is prejudice arising? But sure, reasonableness is an abuse of discretion, and so of course a court can basically do whatever it wants, assuming, you know. And do you think there's any category of cases in which a reasonable amount of time can in fact be any time? No. I mean, that's infinity. Like, there's some category of cases that because of some feature that they have, that whenever you raise it, it will be considered. No, by definition, it's conceiving that there could be an unreasonable time, and any time. Now that being said, you could say, you know, I'm happy to give you any number, a billion years, I'm just not going to concede any, because it has to be reasonable. And in the bankruptcy context, there's almost always going to be prejudice, because the trustee is trying to close the estate. And I'm talking about notice. This is a person who has notice, and, you know, there's prejudice creeping in. But if there's no prejudice, then, you know, I wasn't going to say any time, but a lot of time. Most people get a default judgment once they know about it, you know. And certainly if they're sophisticated, they try to get rid of it. If they're unsophisticated, then sure, you're not going to make the person hire a lawyer. You just wait, you know, whatever's reasonable. I mean, that's... So your concept of reasonable time, it seems to me, carries with it some idea or consideration of the prejudice to the other side. Is that right? Well, prejudice to the judgment creditor, and I just think you could reasonably take into account the burden on what Justice Sotomayor was saying about, you know, did the person lack resources. I think that's certainly... And notice. Oh, yeah. So definitely, we think due process requires notice. Absolutely. We just think it's due process notice, which is actual or constructive. In other words, you can't hide and go, you know, travel to the moon and avoid notice if the person is, you know, doing all the things that the due process clause requires to give notice. But here, notice is conceded, I think, six times over because the trustee kept trying to do it. Suppose somebody who's never left New York City, never traveled west of the Hudson, never done anything on the internet, never bought anything by mail, receives a judgment issued by a state court in Montana, and this person doesn't have a lot of money to hire a lawyer and says, what is this? I've never been in Montana. I don't know anything about this lawsuit. I never was served. I'm just going to ignore it. Wouldn't it be reasonable for that person to have more time to seek relief from this judgment? Yes. I was trying to concede a lot with Justice Sotomayor, but I don't think Rule 60 applies to state judgments. I think you've got to go to the state court.   It's a district judgment. Yeah. A district court for the District of Montana. Sure. There might be a lot of reasons where there's no reason. Like you've got a default judgment. You hear about it. I mean, if it's worth a lot of money, I might get scared and call a lawyer. But if you have reason to think, you know, they're never going to come after me. But when you know someone's coming after you, you probably should act. But if there's no prejudice, we don't have a problem with, you know, at the time of enforcement, loosely defined, which would be the judgment creditors trying to collect on the debt. If I could just turn to just history really quickly, I do think, you know, the plain text obviously overrides the history. Rule 60E's text says we want to get rid of all the common law remedies. But we do point out just three factors in the history that shows it wasn't uniform. And all three of those factors, ironically, are present here. The first is, we cite at note two of our brief, many courts held that these judgments where there's improper service had to be filed within a reasonable time. So that's, I think, that's kind of what Justice Jackson was talking about. The judgment on its face looks pretty valid. So parties, not all parties, but some courts said they had to act within a reasonable time. And then the second was latches, that Justice Sotomayor also recognized, that latches was a defense. And then finally, which is this case also, in the bankruptcy context, courts would not vacate bankruptcy court judgments when reliance interest had vested. And we would say, you know, the trustee is an innocent party here and had no reason. And this really could have been fixed, would not have had to spent all that money, had the judgment debtor just said, you need to reserve me. And instead, five and a half years went away while the estate was being drained. Oh, and I just, one last thing for Justice Kagan, Espinosa defines the void judgment. It's a little odd, the definition. It said, certain jurisdictional defects, but it didn't say what they were, and any judgments that were lacking notice and opportunity. So I think they were talking about, I'm not sure what the certain was, but I think they're also saying, if it's due process, you didn't have any notice or opportunity, that's void. And if there are no questions, we would ask that the decision below be affirmed. Thank you, counsel. Rebuttal, Mr. Ginsberg. Thank you, Mr. Chief Justice. First, with respect to this case in particular, the record contains the only declaration from anyone on either side, and the declaration from my client, Mr. Daniel Beda, he said that he found out about the judgment in February of 2021. That is not contested in the record, and so with respect to what is a reasonable time, he did seek out counsel when he found out about the judgment. I believe the bankruptcy court should have taken that into account. With respect to my colleague's position that all of these cases kind of emanate from the D.C. Circuit's decision in Austin v. Smith, I respectfully disagree, because there's a long uninterrupted line of cases beginning in the early 19th century and going up through the 1938 enactment of the original rules of civil procedure following the 1946 amendments, and really just a long line of cases, each of which held that a void judgment is in a special class by itself and cannot be barred by the passage of time alone. And lastly, preclusion and res judicata do exist, but those depend on an opportunity to be heard as well as noticed. So for instance, if somebody were to file following judgment a Rule 60b-1 motion and not a Rule 60b-4 motion, certain courts have held that the 60b-4 motion is precluded because the litigant has already had an opportunity to make the argument. I would agree with that, except in the instance of that party not knowing that it has a 60b-4 argument. So if it does not know ‑‑ so if it makes a 60b-1 argument without knowing that it also has a 60b-4 argument, that the judgment is void for whatever reason, for instance, lack of subject matter jurisdiction due to a party not being diverse in a diversity case, then in that case, I do believe that preclusion ‑‑ the case cannot be ‑‑ or the argument cannot be precluded because there has to be an opportunity to be heard, and on a Rule 60b-4 argument, that judgment, if the person only finds out about that judgment at the time after filing the Rule 60b-1 motion, that litigant should have the opportunity to also make the 60b-4 argument because that is when it found out about the judgment. Thank you, counsel. The case is submitted.